## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 4:23-CR-00207-ALM-BD** |
| | § | |
| **ARTURO JESUS HERRERA (1)** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Arturo Jesus Herrera and Jennifer Dawn York were indicted for alleged violations of 21 U.S.C. § 846, which criminalizes conspiracy to distribute or possess with intent to distribute or dispense methamphetamine. Dkt. 1. Herrera was arrested in Denton County, Dkt. 15 (sealed), which lies within the Eastern District of Texas. Although he concedes that the Eastern District is a proper venue under 18 U.S.C. § 3237, Herrera moved to transfer the case to the Northern District of Texas. Dkt. 51; *see* Dkt. 54 (response). The court will recommend that the motion be denied.

## DISCUSSION

### I.  Relevant Law

Federal Rule of Criminal Procedure 18 provides that, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." An offense that does not begin and end in one district "may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

Rule 21(a) provides that, "[u]pon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." A Rule 21(a) transfer is warranted only on "a strong showing of prejudice." *United States v. Wilcox*, 631 F.3d 740, 747 (5th Cir. 2011).

Rule 21(b) allows the court to transfer the proceedings to another district "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." The court exercises broad discretion in applying Rule 21(b). *United States v. Fagan*, 821 F.2d 1002, 1008 (5th Cir. 1987).

## II. Analysis

Although he does not cite Rule 21(a), Herrera argues that he will not receive a fair trial in the Eastern District because jurors here are likely to be biased against him. He also argues under Rule 21(b) that transfer to the Northern District will be more convenient and will serve the interests of justice because there is a substantial nexus between that district and the alleged crime. The government responded only to the second of those arguments. Both arguments, however, fail.

### A. Bias

Herrera argues that Investigator Ronald Alford of the Gainesville Police Department, who purportedly has a "documented history of targeting" him, Dkt. 51 at 5, played a central role in the investigation. He asserts that jurors from Gainesville are likely to be familiar with Alford's reputation and with his own alleged criminal history.

Herrera will be tried in the Sherman Division of the Eastern District. The Sherman Division spans and selects jurors from eight counties: Collin, Cooke, Delta, Denton, Fannin, Grayson, Hopkins, and Lamar. Gen. Order 19-06 at 3–5 (E.D. Tex. Apr. 4, 2019). Herrera makes no effort to show that his and Alford's reputations in the city of Gainesville have so infected the jury pool across those eight counties that he will not be afforded a fair trial. In any event, any juror bias that might arise can be eliminated through voir dire. *See Brooks v. Dretke*, 444 F.3d 328, 330 (5th Cir. 2006); *United States v. Bishop*, 264 F.3d 535, 554 (5th Cir. 2001); *United States v. Partin*, 552 F.2d 621, 640 (5th Cir. 1977).

### B. Convenience

Claiming a substantial nexus between his alleged crime and the Northern District, Herrera argues that a trial in that district will be more efficient than a trial here. In response, the government asserts that almost all of the relevant events took place here and that Herrera has not identified any specific facts in support of his request for an efficiency-based transfer.

In *Platt v. Minnesota Mining & Manufacturing Co.*, the Supreme Court identified several factors that a district court may consider when ruling on a Rule 21(b) motion: (1) the residence of an individual defendant; (2) the location of possible witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records likely to be involved; (5) disruption to the defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of the place of trial; (9) the docket condition of each district or division involved; and (10) any other special elements that might affect the transfer. 376 U.S. 240, 243-44 (1964); *see United States v. Romans*, No. 4:11-CR-00127, 2012 WL 3647849, at *1 (E.D. Tex. Aug. 7, 2012), *report and recommendation adopted*, No. 4:11-CR-00127, 2012 WL 3647748 (E.D. Tex. Aug. 23, 2012), *aff'd*, 823 F.3d 299 (5th Cir. 2016). Although he need not show "truly compelling circumstances," the defendant bears the burden to demonstrate that transfer would serve the purpose of the rule. *Id.*

As explained below, all of the *Platt* factors either weigh against transfer or are neutral. That means Herrera has not met his burden.

### 1. Defendant's residence

The government identifies Herrera's residence as an address in Gainesville, Texas, which is within the Eastern District. Dkt. 54 at 1. Herrera does not contest that assertion. The first factor therefore weighs against transfer.

### 2. Location of witnesses

The government asserts that it knows of three likely witnesses outside the Eastern District. All three are law-enforcement officers or agents who would not be inconvenienced by testifying in the Eastern District. Herrera does not indicate that he plans to call any witnesses from outside the Eastern District. *See Romans*, 2012 WL 3647849 at *2 (noting that, "[g]enerally, a defendant is required to give specific examples of witnesses' testimony and their inability to testify because of the location of the trial") (quotation marks omitted). So the second factor also weighs against transfer.

### 3. Location of events likely to be in issue

Herrera argues that "the significant events all happened in" the Northern District because a parcel containing methamphetamine and connected to Herrera was seized in Fort Worth and analyzed in Dallas and because he was tracked after leaving a house in Southlake. Dkt. 51 at 6. The government argues that the seizure of the parcel was the only significant event that happened outside the Eastern District, that the parcel was seized from the mail en route to the Eastern District, and that the alleged crime primarily involved shipping methamphetamine to locations within the Eastern District. Further, Herrera was arrested in the Eastern District in possession of methamphetamine.

"[T]his factor ensures that the trial is held near where the alleged criminal activity occurred, rather than in a district where venue has a more remote connection to the crime." *United States v. Coffee*, 113 F. Supp. 2d 751, 755–56 (E.D. Pa. 2000) (cited in *Romans*, 2012 WL 3647849 at *1). Herrera has not shown that the Eastern District has only a remote connection to the alleged crime. That means the third factor weighs against transfer, too.

### 4. Location of documents and records likely to be involved

The government argues that all of the records and documents likely to be involved are already in the Eastern District. Herrera does not challenge that assertion. That makes four factors that weigh against transfer.

### 5. Disruption to the defendant's business

Neither side argues that this factor applies to Herrera.

### 6. Expense to the parties

The government argues that its expenses will be the same in either the Northern or the Eastern District. Herrera does not argue otherwise. So the sixth factor weighs neutrally.

### 7. Location of counsel

Herrera's attorney maintains an office in Dallas, which lies in the Northern District, but he agreed to be appointed to represent criminal defendants in the Eastern District. Herrera presents

no argument about his attorney's ability to represent him in the Eastern District. That means the seventh factor weighs against transfer.

### 8. Relative accessibility of the place of trial

Herrera's case is set for trial in Sherman. The government argues that the location is accessible to its witnesses. Herrera makes no argument on that point. The eighth factor therefore weighs against transfer.

### 9. Docket condition of each district or division involved

The government argues that the Eastern District can efficiently dispose of Herrera's case. Herrera makes no argument otherwise. Without any argument about the condition of the Northern District's docket, the court cannot determine whether one district is more suitable than the other. That means the ninth factor weighs neutrally.

### 10. Other special elements

Neither Herrera nor the government identifies any special elements that might affect transfer. The tenth factor therefore weighs neutrally, too.

## RECOMMENDATION

It is **RECOMMENDED** that the motion to transfer venue, Dkt. 51, be **DENIED**.

\* \* \*

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir.

1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 21st day of May, 2025.

_____
Bill Davis
United States Magistrate Judge